UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PAVLA and ADAM RYBAR, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:16-cv-1579 CEJ |
| ) | |
| DEPUY SPINE, LLC, DEPUY ) | |
| ORTHOPAEDICS, INC., f/k/a Depuy, Inc. and ) | JURY TRIAL DEMANDED |
| Depuy Orthopedics, Inc., DEPUY SYNTHES ) | |
| SALES, INC., d/b/a Depuy Synthes Spine, ) | |
| JOHNSON & JOHNSON, TYLER BURKLOW ) | |
| and THE WASHINGTON UNIVERSITY, ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND RESPONSE OF DEFENDANT THE WASHINGTON UNIVERSITY TO PLAINTIFFS' PETITION

Comes now defendant, The Washington University, and for its Answer and Response to Plaintiffs' Petition, states as follows:

1. This defendant has insufficient information at this time to admit or deny the truth of the allegations made in paragraph 1 and therefore, denies same.

2. The allegations made in paragraph 2 are not directed against this defendant and therefore, this defendant makes no answer or response thereto.

3. The allegations made in paragraph 3 are not directed against this defendant and therefore, this defendant makes no answer or response thereto.

4. The allegations made in paragraph 4 are not directed against this defendant and therefore, this defendant makes no answer or response thereto.

5. The allegations made in paragraph 5 are not directed against this defendant and therefore, this defendant makes no answer or response thereto.

6. The allegations made in paragraph 6 are not directed against this defendant and therefore, this defendant makes no answer or response thereto.

7. The allegations made in paragraph 7 are not directed against this defendant and therefore, this defendant makes no answer or response thereto.

8. This defendant has insufficient information at this time to admit or deny the truth of the allegations made in paragraph 8 and therefore, denies same.

9. This defendant admits that it is an educational institution existing pursuant to Missouri law, and that it employs certain physicians and health care providers who care for patients at Barnes-Jewish Hospital and other locations. This defendant admits that it is a health care provider as defined by Missouri law and further admits that one or more of its employees provided health care services to plaintiff Pavla Rybar. This defendant has insufficient information at this time to admit or deny the truth of the remaining allegations made in paragraph 9 and therefore, denies same.

10. This defendant does not contest jurisdiction in the State of Missouri.

11. This defendant does not contest venue in the Circuit Court of the City of St. Louis, State of Missouri. This defendant denies the remaining allegations made in paragraph 11.

12. The allegations made in paragraph 12 are not directed against this defendant and therefore, this defendant makes no answer or response thereto.

13. This defendant makes no answer or response to paragraph 13 and its sub-parts as said allegations are not directed against this defendant.

14. This defendant makes no answer or response to paragraph 14 as said allegations are not directed against this defendant.

15. This defendant admits that on or about August 13, 2014, plaintiff Pavla Rybar was seen by Dr. Zebala as referenced in the medical records. This defendant has insufficient information at this time to admit or deny the truth of the remaining allegations made in paragraph 15 and therefore, denies same.

16. This defendant has insufficient information at this time to admit or deny the truth of the allegations made in paragraph 16 and therefore, denies same.

17. This defendant admits that on or about August 29, 2014, the plaintiff underwent surgery as referenced in the medical and hospital records. This defendant has insufficient information at this time to admit or deny the truth of the remaining allegations made in paragraph 17 and therefore, denies same.

18. This defendant denies the allegations made in paragraph 18 and all sub-parts.

19. This defendant has insufficient information at this time to admit or deny the truth of the allegations made in paragraph 19 and therefore, denies same.

## ANSWER AND RESPONSE TO COUNT I

Comes now defendant, The Washington University, and for its Answer and Response to Count I of Plaintiffs' Petition, states as follows:

20. This defendant adopts and incorporates by reference its answer and response to paragraphs 1 through 19 as and for its answer and response to paragraph 20 of Count I.

21. The allegations made in paragraph 21 are not directed against this defendant and therefore, this defendant makes no answer or response thereto. To the extent that any of the allegations made in paragraph 21 are construed to apply as to this defendant, they are specifically denied.

22. The allegations made in paragraph 22 and its sub-parts are not directed against this defendant and therefore, this defendant makes no answer or response thereto. To the extent that any of the allegations made in paragraph 22 and its sub-parts are construed to apply as to this defendant, they are specifically denied.

23. The allegations made in paragraph 23 and its sub-parts are not directed against this defendant and therefore, this defendant makes no answer or response thereto. To the extent that any of the allegations made in paragraph 23 and its sub-parts are construed to apply as to this defendant, they are specifically denied.

## ANSWER AND RESPONSE TO COUNT II

Comes now defendant, The Washington University, and for its Answer and Response to Count II of Plaintiffs' Petition, states as follows:

24. This defendant adopts and incorporates by reference its answer and response to paragraphs 1 through 23 as and for its answer and response to paragraph 24 of Count II.

25. The allegations made in paragraph 25 are not directed against this defendant and therefore, this defendant makes no answer or response thereto. To the extent that any of the allegations made in paragraph 25 are construed to apply as to this defendant, they are specifically denied.

26. The allegations made in paragraph 26 and its sub-parts are not directed against this defendant and therefore, this defendant makes no answer or response thereto. To the extent that any of the allegations made in paragraph 26 and its sub-parts are construed to apply as to this defendant, they are specifically denied.

## ANSWER AND RESPONSE TO COUNT III

Comes now defendant, The Washington University, and for its Answer and Response to Count III of Plaintiffs' Petition, states as follows:

27. This defendant adopts and incorporates by reference its answer and response to paragraphs 1 through 26 as and for its answer and response to paragraph 27 of Count III.

28. This defendant admits that Dr. Zebala is a physician, is licensed by the State of Missouri and had a physician-patient relationship with plaintiff Pavla Rybar as referenced in the records. This defendant further admits that at the time of the alleged negligence referenced in plaintiffs' Petition, Dr. Zebala was an employee of The Washington University. This defendant denies the remaining allegations made in paragraph 28 as they set forth legal conclusions to which no answer or response is required.

29. Denied.

30. This defendant denies the allegations made in paragraph 30 and all sub-parts.

## ANSWER AND RESPONSE TO COUNT IV

Comes now defendant, The Washington University, and for its Answer and Response to Count IV of Plaintiffs' Petition, states as follows:

31. This defendant adopts and incorporates by reference its answer and response to paragraphs 1 through 30 as and for its answer and response to paragraph 31 of Count IV.

32. This defendant has insufficient information at this time to admit or deny the truth of the allegations made in paragraph 32 and therefore, denies same.

33. Denied.

## AFFIRMATIVE DEFENSES AS TO ALL COUNTS

1. Plaintiffs' Petition fails to state a cause of action or claim upon which relief can be granted.

2. In further answer and defense, defendant provides notice to the Court and all parties that it intends to rely upon the rights and obtain the benefits of R.S.Mo. Chapters 538, 507, 537 and 490, as amended by H.B. 393 on August 28, 2005, including all sub-parts.

3. That in the event of an adjudication of the issues in this cause whereby this defendant is held liable to respond in damages to the plaintiffs, this defendant provides notice to the Court and all parties that it intends to invoke the provisions of R.S.Mo. 538.220 which provides in part that the Court shall include in the judgment a requirement that future damages be paid in whole or in part in periodic or installment payments if the total award of damages in the action exceeds $100,000.

4. That in the event of an adjudication of the issues in this cause whereby this defendant is held liable to respond in damages to the plaintiffs, this defendant provides notice to the Court and all parties that it intends to invoke the provisions of R.S.Mo. 490.715 which provides in part that in determining the value of medical treatment provided, there shall be a rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered.

5. That in the event of an adjudication of the issues in this cause whereby this defendant is held liable to respond in damages to the plaintiffs, this defendant prays for a determination of the contributory/comparative fault of the plaintiffs and for a determination and apportionment of fault of all the parties as set out in the plaintiffs' Petition, including plaintiffs and others who are not parties but who may be responsible for the injuries and damages claimed by the

6

plaintiffs and for an appropriate reduction of this defendant's responsibility for the payment of damages that may be awarded to the plaintiffs; and in the event this defendant is held jointly liable with other parties, this defendant prays that a determination be made of the relative distribution of fault with an apportionment of responsibility for the payment of any damages that may be awarded to the plaintiffs and a determination of the right of contribution and indemnity between this defendant and any other party to the action at the time of submission of the case or who may have been a party prior thereto.  Also, this defendant prays for a determination of the contributory fault of the plaintiffs and when an agreement by release, covenant not to sue or not to enforce a judgment is made, a reduction of the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater, in accordance with R.S.Mo. 537.060.

6.      That in the event of an adjudication of the issues in this cause whereby this defendant is held liable to respond in damages to the plaintiffs, this defendant provides notice to the Court and all parties that it intends to invoke the provisions of R.S.Mo. 537.067 which provides in part that if a defendant is found to bear less than 51 percent of fault, then the defendant shall only be responsible for the percentage of the judgment for which the defendant is determined to be responsible by the trier of fact.

7.      Pleading hypothetically and in the alternative, this defendant states that the sole and proximate cause of plaintiffs' alleged injuries and damages, if any, were the intervening acts or omissions of persons or entities other than this defendant over whom this defendant had no control.

8.      Pleading hypothetically and in the alternative, defendant provides notice to the court and all parties that he intends to rely upon and obtain the benefits of R.S.Mo., Chapter 538, effective August 28, 2015 including R.S.Mo. 538.210.

**WHEREFORE**, defendant, The Washington University, having fully answered and responded to Plaintiffs' Petition, moves this Court for its Order of Dismissal with prejudice, at plaintiffs' cost, and for further relief which the Court deems just and appropriate under the circumstances.

                                             _/s/ David P. Ellington_
                                             David P. Ellington    #36109MO
                                             Halle L. Dimar       #59004MO
                                             BROWN & JAMES, P.C.
                                             800 Market Street, Suite 1100
                                             St. Louis, Missouri  63101-2501
                                             (314) 421-3400
                                             (314) 421-3128 – Fax
                                             dellington@bjpc.com
                                             hdimar@bjpc.com

                                             Attorneys for Defendant
                                             The Washington University

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of October, 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to:

| | |
|---|---|
| Mr. Douglas P. Dowd | Mr. Anthony G. Simon |
| Ms. Laura G. Lumaghi | Mr. John G. Simon |
| Ms. Lia Obata Dowd | Ms. Amy Collignon Gunn |
| Dowd & Dowd, P.C. | The Simon Law Firm, P.C. |
| 211 North Broadway, Suite 4050 | 800 Market Street, Suite 1700 |
| St. Louis, Missouri  63102 | St. Louis, MO  63101 |
| *Attorneys for Plaintiffs* | *Attorney for Plaintiffs* |

Mr. Stefan A. Mallen
Bryan Cave, LLP
211 North Broadway, Suite 3600
St. Louis, MO  63102-2750
*Attorneys for Defendants DePuy*
*Orthopaedics, Inc., DePuy Synthes Spine,*
*Inc., DePuy Spine, LLC and*
*Johnson & Johnson*

                                             _/s/ David P. Ellington_

DPE:jdl/13203676

8