UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PAVLA and ADAM RYBAR,<br><br>    Plaintiffs,<br><br>vs.<br><br>DEPUY SPINE, LLC, DEPUY ORTHOPAEDICS, INC., f/k/a Depuy, Inc. and Depuy Orthopedics, Inc., DEPUY SYNTHES SALES, INC., d/b/a Depuy Synthes Spine, JOHNSON & JOHNSON, TYLER BURKLOW and THE WASHINGTON UNIVERSITY,<br><br>    Defendants. | Case No. 4:16-cv-1579 CEJ |

### SUGGESTIONS IN SUPPORT OF DEFENDANT THE WASHINGTON UNIVERSITY'S MOTION TO DISMISS

Comes now defendant, The Washington University ("Washington University"), by and through its counsel, and respectfully submits its Suggestions in Support of its Motion to Dismiss for Plaintiff's Failure to Comply with Mo. Rev. Stat. § 538.225 (2016).

**I.    Introduction**

This Court should dismiss Plaintiffs' Counts III and Count IV against The Washington University for Plaintiffs' failure to submit an affidavit with the court stating they obtained the written opinion of a legally qualified health care provider stating The Washington University failed to use such care as a reasonably prudent and careful healthcare provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition, as required by Mo. Rev. Stat. § 538.225.

Plaintiff Pavla Rybar alleges damages from a metal allergy after Dr. Lukas P. Zebala, an employee of Washington University, performed a spinal surgery on August 29, 2014 where a

DuPuy titanium cage was inserted. Plaintiff Adam Rybar is Pavla Rybar's husband and brings a claim for loss of consortium.

Plaintiffs' petition pleads four separate counts. In Counts I and II, Pavla Rybar alleges Depuy Spine, LLC, Depuy Orthopaedics, Inc., Depuy Synthes Sales, Inc., Johnson & Johnson, and Tyler Burklow (collectively "DePuy Defendants"), are liable for negligently failing to warn Pavla Rybar of a foreseeable risk of injury to those with a metal intolerance possible metal allergy or strictly liable for their failure to provide an adequate warning. Count III, entitled "Count III – Medical Negligence," alleges, Washington University, through its employee, was negligent in failing to ensure proper metal allergy tests were administered. Plaintiffs' final count, Count IV, is a claim against all Defendants by Adam Rybar for a loss of consortium.

Plaintiffs filed their petition in St. Louis City Circuit Court on August, 26, 2016. On October, 6 2016, Defendants Depuy Spine, LLC; Depuy Orthopeadics, Inc., and Johnson & Johnson, removed this action to United States District Court, and were later joined by the remaining Defendants. Plaintiffs have not filed an affidavit from a legally qualified health care provider in either federal or state court.

This Court should dismiss Plaintiffs' Counts III and IV against The Washington University, for Plaintiffs' failure to submit an affidavit with the court stating they obtained the written opinion of a legally qualified health care provider stating Washington University failed to use such care as a reasonably prudent and careful healthcare provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition, as required by Mo. Rev. Stat. § 538.225.

## II. Standard of Care

"A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint so as to eliminate claims 'which are fatally flawed in their legal premises ... thereby sparing litigants the burden of unnecessary pretrial and trial activity.'" *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir.2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). In order for a complaint to survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted). Further, with a Rule 12(b)(6) motion, the court accepts as true all of the factual allegations in the complaint and views them in the light most favorable to the non-moving party. See Fed.R.Civ.P. 12(b)(6); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. Argument

Plaintiffs' Counts III and Count IV against Washington University should be dismissed for Plaintiffs' failure to submit an affidavit with the court stating they obtained the written opinion of a legally qualified health care provider stating Washington University failed to use such care as a reasonably prudent and careful healthcare provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition, as required by Mo. Rev. Stat. § 538.225.

A. *Count III – Medical Negligence*

Missouri law under Mo. Rev. Stat. §538.225 requires plaintiffs or their attorneys to timely file an affidavit from a medical professional a defendant has breached the required standard of care. The relevant portions of section 538.225 provide:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> ....
>
> 5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.
>
> 6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

Mo. Rev. Stat. § 538.225.

Missouri courts use two requirements to determine whether plaintiffs must file a health care affidavit under the statute. *Devitre v. Orthopedic Ctr. of St. Louis, LLC,* 349 S.W.3d 327, 332 (Mo. 2011). First, the parties must have a health care provider and health care recipient relationship. *Id.* Second, the true claim must relate solely to the provision of health care services. *Id.* at 332; *Crider v. Barnes–Jewish St. Peters Hosp., Inc.,* 363 S.W.3d 127, 130 (Mo. Ct. App. 2012). "This analysis applies regardless of how the plaintiff characterizes his or her claims." *Davis v. St. Louis County, Mo.*, 4:14-CV-1563 CAS, 2015 WL 758218, at *3 (E.D. Mo. Feb. 23, 2015) (citing *Devitre,* 349 S.W.3d at 331–32).

4

Plaintiffs' Count III is entitled "Count III – Medical Negligence", leaving little doubt Plaintiffs intended to bring a claim of medical negligence. The petition alleges, Dr. Zebala is a physician licensed by the State of Missouri, and had a doctor-patient relationship with Plaintiff Pavla Rybar. (Petition at 28). Further, it alleges Dr. Zebala had the duty to use that degree of skill and learning ordinarily used under the same or similar circumstances by the members of the medical profession in delivering medical care and treatment to Plaintiff Pavla Rybar. *Id.* Plaintiff pleads Washington University, by and through its employee and agent Dr. Zebala, breached this standard of care in failing to ensure the proper metal allergy tests were administered to Plaintiff Pavla Rybar prior to her surgery. *Id.* at 29. Finally, Plaintiff alleges this negligence led to injuries and other damages. *Id.* at 30. Plaintiffs' petition establishes a health care provider and health care recipient relationship, and pleads a true claim in both name and fact of medical negligence. This makes it clear Plaintiffs' Count III falls under Mo. Rev. Stat. §538.225 and requires the filing of an affidavit.

Plaintiff has failed to file a statutory affidavit of merit as required by Mo. Rev. Stat. §538.225 against any defendant. When a statute mandates that something be done by providing that it "shall" occur upon a failure to comply with the statute, it is clear that it is mandatory and must be obeyed. *SSM Healthcare St. Louis v. Schneider*, 229 S.W. 3d 279 (Mo. App. ED 2007). If a party files a motion to dismiss for failure to file a healthcare affidavit and a statutorily adequate healthcare affidavit has not been timely filed, the trial court must dismiss without prejudice. *Id.*

Plaintiff has failed to request an extension of time to file the statutory affidavit of merit and the Court has not, for good cause shown, ordered an extension of time. Further, while the Court has discretion under Mo. Rev. Stat. §538.225.5 to allow for an extension up to 90 days

after the filling of a petition in the Court, this time period too has passed. *Howard v. SSM St. Charles Clinic Medical Group, Inc.*, 364 S.W. 3d 242 (2012). (EXPLANATORY CITE) Plaintiffs have failed to file the statutory affidavit of merit within 180 days from the time of filing suit, and thus dismissal is required.

### B. Count IV – Adam Rybar's Consortium Claim against The Washington University

Plaintiff Adam Rybar alleges a claim of loss of consortium in Count IV against all Defendants, including Washington University, for the deprivation of health affection, society, companionship and support of his wife. Mr. Rybar's claim against Washington University is derivative of his wife's claim from Count III, and since his wife's claim must be dismissed, Mr. Rybar's claim should also be dismissed.

"A consortium claim is derivative from the injured spouse's claim and depends on the validity of the underlying claim." *Burrow v. Moyer,* 519 S.W.2d 568, 572 (Mo.App.1975). Where the underlying claim is barred by the statute of limitations in a medical malpractice case under RSMO §516.106, the spouse's loss of consortium claim is also barred, even if the claim has a longer statute of limitations. *Kamerick v. Dorman*, 907 S.W.2d 264, 267 (Mo.App. W.D. 1995). (finding "Although the consortium claim and the underlying claim exist to compensate the two spouses for the different losses they sustain, both involve a claim for damages for malpractice or negligence related to health care. Thus, both are governed by § 516.105.") (internal citations omitted). Therefore, this Court must also dismiss Count IV.

### IV. Conclusion

For all of the forgoing reasons, plaintiffs' Count III and Count IV against The Washington University should be dismissed for failing to timely file the required affidavit under Mo. Rev. Stat. §538.225.

6

_[signature]_

David P. Ellington    #36109MO
Halle L. Dimar        #59004MO
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
(314) 421-3400
(314) 421-3128 – Fax
dellington@bjpc.com
hdimar@bjpc.com

Attorneys for Defendant
The Washington University

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of March, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to:

Mr. Douglas P. Dowd
Ms. Laura G. Lumaghi
Ms. Lia Obata Dowd
Dowd & Dowd, P.C.
211 North Broadway, Suite 4050
St. Louis, Missouri 63102
*Attorneys for Plaintiffs*

Mr. Anthony G. Simon
Mr. John G. Simon
Ms. Amy Collignon Gunn
The Simon Law Firm, P.C.
800 Market Street, Suite 1700
St. Louis, MO 63101
*Attorney for Plaintiffs*

Mr. Stefan A. Mallen
Bryan Cave, LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
*Attorneys for Defendants DePuy Spine, LLC, DePuy Orthopaedics, Inc., DePuy Synthes Sales, Inc., Johnson & Johnson and Tyler Burklow*

_[signature]_

13501776