UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAVLA RYBAR and ADAM RYBAR, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 4:16-CV-1579 (CEJ) |
| DEPUY SPINE, LLC, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This action was originally filed in the Twenty-Second Judicial Circuit Court of Missouri and was removed by defendants DePuy Spine, LLC, DePuy Orthopaedics, Inc., DePuy Synthes Sales, Inc., and Johnson & Johnson on the basis of diversity of citizenship under 28 U.S.C. § 1332. Currently pending are defendants' motion to sever [Doc. #8] and plaintiffs' motions to stay briefing [Doc. #10], for remand [Doc. #19], and to strike the non-moving defendants' consent to removal [Doc. #23].

I. **Background**

Plaintiffs Pavla Rybar and Adam Rybar bring this action asserting claims of negligence and strict liability stemming from the placement of a spinal fusion system in Pavla Rybar's spine. Plaintiffs allege that Pavla Rybar suffered an allergic reaction to the metals contained in the spinal fusion system which resulted in serious and permanent injuries. Plaintiffs contend that the defendants were negligent in selling and distributing the spinal fusion system without supplying a

metal allergy test kit and without providing adequate instructions for the system's use.

## II. Discussion

### A. Motion to Sever

The defendants move to sever the claim brought by plaintiffs against defendant Washington University. Because Washington University has been dismissed from this action, the motion to sever is moot.

### B. Motion to Stay

Following the defendants' motion to sever, plaintiffs filed a motion to stay briefing pending disposition of their motion to remand. Plaintiffs argue that the Court lacks subject matter jurisdiction because the defendants and Washington University were properly joined. The defendants oppose the motion, and as an alternative propose that the Court permit the parties to fully brief the motions to sever and to remand, such that both motions are considered contemporaneously. The Court has permitted the parties to fully brief the pending motions in order to consider them contemporaneously. Therefore plaintiffs' motion to stay is moot.

### C. Motion to Strike

Plaintiffs move to strike the consent to removal of defendants Washington University and Tyler Burklow. Because Washington University has been dismissed from this case, the motion to strike is moot as to that defendant. Plaintiffs argue that defendant Burklow's consent to removal was untimely, and therefore this action should be remanded. The issue of the validity of the removal, including the necessity and timeliness of consent by the non-removing parties, will be addressed in determining plaintiffs' motion for remand.

**D. Motion to Remand**

In their motion for remand, plaintiffs argue that (1) the defendants have failed to properly obtain the consent of all removing defendants and (2) plaintiffs have brought colorable claims against defendant Burklow, who has not been fraudulently joined.[1]

**1. Consent**

Plaintiffs maintain that removal is facially defective, as defendants allegedly failed to follow the "rule of unanimity" in 28 U.S.C. § 1446(b)(2)(A). Under Eighth Circuit law, each defendant must provide its consent to removal to the court within 30 days of service. *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012) (citing *Thorn v. Amalgamated Transit Union,* 305 F.3d at 833). "[I]n order to meet the consent requirement, there must be some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating that the defendant 'has actually consented' to the removal." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015). The record shows that Burklow filed written indication of consent 37 days after being served.

The Court must therefore determine whether the defect in the removal procedures can be cured. The Eighth Circuit has not ruled on whether the unanimity requirement may be satisfied by the filing of a curative consent to removal after the 30-day period. *See Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 933 (8th Cir. 2012) (expressing no opinion regarding whether the

---

[1] Plaintiffs also argue that the defendants failed to allege that Washington University was fraudulently joined and, therefore, complete diversity does not exist and that plaintiffs' claims against Washington University are properly joined. Because Washington University has been dismissed from this action, these arguments are moot.

- 3 -

filing of a curative consent to removal after the thirty-day period satisfies the unanimity requirement and emphasizing that non-removing defendants who wish to evince consent to removal should either sign the notice of removal or file a timely and unequivocal consent to such course of conduct).  The defendants argue that when an action is removed and a plaintiff subsequently files a motion for remand, the remand motion triggers the obligation of the non-removing defendant to respond if it wishes to consent, otherwise remand is required.  In support of this argument the defendants cite both *Griffioen v. Cedar Rapids & Iowa City Ry. Co.* and *Henry v. Sentry Ins.*, 2016 WL 4263131 (E.D. Mo. Aug. 12, 2016).  In *Griffioen* the court recognized that the written indication of consent can come in various forms and further noted that the issue of unanimity could be solved "as long as the removing defendant's codefendant itself later files an indication of its consent," because "any potential concern that the codefendant has not authorized or manifested its binding consent to removal is mitigated." 785 F.3d at 1187-88.  Furthermore, this court has previously determined that once a plaintiff raises a deficiency in support of remand, "a defendant that has not given any 'written indication' that it 'has actually consented to the removal' is obliged to respond if it wishes to consent, or remand is required. *Henry v. Sentry Ins.*, at \*3 (citing *Griffioen*, 785 F.3d at 1187).

Here, plaintiffs raised a deficiency in the defendants' notice of removal, and the remaining defendants subsequently responded by filing consents to removal. The Eighth Circuit has been "disinclined to apply the unanimity requirement in a hypertechnical and unrealistic manner."  *Griffioen*, at 1187; *see also Couzens v. Donohue*, 854 F.3d 508, 515 (8th Cir. 2017) (upholding a district court's decision to

permit untimely consent to removal when the consent was filed thirty-one days after removal and one day after a motion to remand). In light of Burklow's consent and the position expressed by the Eighth Circuit, the Court finds that the removal defect has been cured.

## 2. Fraudulent Joinder

The doctrine of fraudulent joinder is an exception to the complete diversity rule. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Specifically, "[t]he doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012), *as corrected* (Nov. 28, 2012).

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro*, 591 F.3d at 620. To prove fraudulent joinder, the removing party must show that "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). In other words, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent." *Id.* (emphasis in original) (internal quotation marks omitted). Conversely, "joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts

involved.'" *Id.* (quoting *Filla*, 336 F.3d at 811). The Eighth Circuit has noted that "[f]raudulent joinder is not easily shown by the defendant or lightly found by the district court." *Vang v. PNC Mortg., Inc.,* 517 Fed. Appx. 523, 524 (8th Cir. May 22, 2013) (unpublished per curiam). Indeed "the defendant must 'do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion' since 'we do not focus on the artfulness of the plaintiff's pleadings.'" *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Knudson*, 634 F.3d at 980). In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no responsibility to definitively settle the ambiguous question of state law." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003). "Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Id.* Where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

Plaintiffs allege that defendant Burklow was the salesman who distributed the spinal implant devices and hardware that were used for the procedure performed on plaintiff Pavla Rybar and they assert two failure to warn claims against Burklow premised upon negligence and strict liability. The defendants contend that Burklow is fraudulent joined because (1) there is no reasonable basis in law to support Burklow owing a duty to warn a patient or physician; (2) Burklow cannot be held

liable as a matter of law because plaintiffs do not allege that he sold the subject spinal system; and (3) plaintiffs have failed to plead facts specific to Burklow.

Missouri law creates strict liability for unreasonably dangerous products as to any defendant who "wherever situated in the chain of commerce, transferred a product in the course of his business." Mo. Ann. Stat. § 537.760. The test for determining the applicability of the rule is not the sale of the product, but rather the placing of the product in commerce. *Gunderson v. Sani-Kem Corp.*, 674 S.W.2d 665, 668 (Mo. Ct. App. 1984). Under Missouri law, liability can be imposed on all those in the chain of placing a defective product in the stream of commerce. *Id*. Under the stream of commerce approach to strict liability no precise legal relationship to the member of the enterprise causing the defect to be manufactured or to the member most closely connected with the customer is required before the courts will impose strict liability; it is the defendant's participatory connection, for his personal profit or other benefit, with the injury-producing product and with the enterprise that created consumer demand for and reliance upon the product which calls for the imposition of strict liability. *Id*. Plaintiffs argue that Burklow, as the salesman for the product, played an integral role in the distribution of the defective metal implant for his personal profit and benefit, thus providing a reasonable basis for predicting that state law might impose liability based upon the facts involved.

The defendants argue that cases such as *Gunderson* are inapplicable when the named defendant is an employee of the manufacturer, who, like Burklow, is not an independent entity in the stream of commerce. However, *Gunderson* does not support this argument nor require the defendant to be an independent entity in the stream of commerce; *Gunderson's* stream of commerce approach simply requires

the defendant's participatory connection with: (1) the product and (2) the enterprise that created consumer demand for and reliance upon the product, both of which apply to Burklow in this matter. *Id.* The defendants' argument does not demonstrate that plaintiffs' claim has no reasonable basis in law or fact, but rather represents an effort to distinguish Missouri law in their favor. The question for the Court is not whether state law will impose liability on Burklow, but whether state law might impose liability. *Filla,* 336 F.3d at 810. The defendants have the burden to establish federal jurisdiction and must demonstrate that plaintiffs' claims against Burklow have no reasonable basis in fact and law. *Id.* at 811. Here, it is not clear under governing state law that plaintiffs' complaint does not state a cause of action against Burklow.

The defendants also argue that Burklow cannot be held liable as a matter of law because there is no allegation that he "sold" the spinal system. Under Missouri law, elements of a cause of action for strict liability based on failure to warn include that "the defendant sold the product in question in the course of its business." *Moore v. Ford Motor Co.*, 332 S.W.3d 749, 756 (Mo. 2011) (citing *Tune v. Synergy Gas Corp.*, 883 S.W.2d 10, 13 (Mo. 1994)). The defendants further argue that plaintiffs have failed to plead any factual allegations specific to Burklow, thus suggesting that his joinder is solely for the purpose of defeating diversity. However, the plaintiffs' allegations are asserted against the corporate defendants and Burklow collectively as the "DePuy Synthes Defendants." Given these allegations, it cannot be said that the plaintiffs' claims against Burklow have no reasonable basis in fact and law. Furthermore, the Eighth Circuit has instructed that "where the sufficiency of the complaint against the non-diverse defendant is

questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with the motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Filla,* 336 F.3d at 811 (quoting *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir.1977)).

Because defendant Burklow is a non-diverse defendant and was not fraudulently joined, the Court lacks subject-matter jurisdiction. Accordingly, this case must be remanded to the state court.

\* \* \* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #19] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this case to the Twenty-Second Judicial Circuit Court of St. Louis, Missouri (City of St. Louis) from which it was removed.

**IT IS FURTHER ORDERED** that defendants' motion to sever [Doc. #8] is **denied as moot**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to stay briefing [Doc. #10] is **denied as moot.**

**IT IS FURTHER ORDERED** that plaintiffs' motion to strike [Doc. #23] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2017.